# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **STEVE GUSTAVE BARNETT,** | ) | |
| Plaintiff, | ) | Case No. 2:14CV00047 |
| v. | ) | **OPINION AND ORDER** |
| **DOLGENCORP, INC. D/B/A** | ) | By: James P. Jones |
| **DOLLAR GENERAL STORE #4724,** | ) | United States District Judge |
| Defendant. | ) | |

*Roger M. Adams, Jonesville, Virginia, for Plaintiff; Holly N. Mancl, Penn, Stuart, & Eskridge, P.C., Bristol, Tennessee, for Defendant.*

In this diversity action, the plaintiff seeks recovery for injuries he sustained when he slipped and fell on premises of a store operated by the defendant. Following discovery, the defendant moved for summary judgment. The defendant argues that, pursuant to Virginia law, summary judgment is appropriate because the defendant had no knowledge or notice of a dangerous condition on its premises.

For the following reasons, summary judgment for the defendant will be granted.

I.

The following facts are taken from the summary judgment record.[1]

In January 2013, the plaintiff, Steve Gustave Barnett, along with his granddaughter, visited the Dollar General Store # 4724 in Appalachia, Virginia, owned and operated by the defendant, Dolgencorp, Inc., to purchase some candy. The plaintiff alleges that as he rounded the corner of one of the grocery aisles, he heard a bang, and his feet came out from under him due to the floor being wet and slick. He then fell backwards to the ground and injured his back, buttocks, shoulders, hip, and head. The plaintiff claims that the defendant violated the duty of care it owed to him as a business invitee because it failed to maintain its premises in a reasonably safe condition.

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a

---

[1] On November 2, 2015, I issued an Order declaring that the defendant's Motion for Summary Judgment was deemed submitted for decision without further response, briefing, or hearing, due to the plaintiff's failure to file a timely response. The summary judgment record consists solely of the defendant's Motion for Summary Judgment and memorandum with supporting exhibits, which include the plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a), as well as excerpts taken from the depositions of the plaintiff and his granddaugther.

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citation omitted). Summary judgment is not "a disfavored procedural shortcut," but rather is a valuable mechanism for excluding "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotations marks and citations omitted).

Applying these standards, the defendant's Motion for Summary Judgment must be granted.

III.

Virginia substantive law governs this diversity action. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938). In Virginia, the law applicable to slip-and-fall cases is well settled. *See Winn-Dixie Stores, Inc. v. Parker,* 396 S.E.2d 649, 650 (Va. 1990). A land owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice,* 315 S.E.2d 385, 388 (Va. 1984). In the absence of any evidence tending to show that a landowner knew, or should have known by exercise of reasonable diligence, of the defect or unsafe condition, the landowner will not be liable for injuries caused by some defect or unsafe condition in the premises. *See Roll 'R' Way Rinks, Inc. v. Smith,* 237 S.E.2d 157, 161 (Va. 1977).

In this case, the defendant argues that summary judgment is appropriate because the plaintiff fails to show that the defendant had knowledge of any defect or hazardous condition. "In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima faci*e case of negligence." *Grim v. Rahe, Inc.,* 434 S.E.2d 888, 889 (Va. 1993). The applicable standard is "whether [the defendant] knew or should have known, of the presence of the [defect] that caused [the plaintiff's] fall and failed to remove it within a reasonable time or to warn of its presence." *Ashby v. Faison & Assocs., Inc.,* 440 S.E.2d 603,

-4-

Case 2:14-cv-00047-JPJ-PMS   Document 21   Filed 11/12/15   Page 4 of 6   Pageid#: 82

605 (Va. 1994). The plaintiff has produced no evidence that the defendant had actual knowledge or notice of any defect with respect to the wet substance on the floor. Both the plaintiff and his granddaughter admit that they do not know whether any store employees caused the liquid to be on the floor or knew of its existence. Therefore, the remaining issue is whether the defendant had constructive knowledge of the dangerous condition prior to the plaintiff's fall.

Constructive knowledge of a defect or dangerous condition on the premises may be established by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim,* 434 S.E.2d at 890. Accordingly, if the plaintiff fails to adduce any evidence as to when or how long the unsafe condition existed, he has not made a prima facie case, and summary judgment for the defendant is appropriate. *Id.; see also Hodge v. Wal-Mart Stores, Inc.,* 360 F.3d 446, 454 (4th Cir. 2004).

In the present case, the plaintiff offers no evidence as to how or when the store floor became wet. Neither the plaintiff nor his granddaughter saw any liquid on the floor or know whether the liquid was there at the time of their arrival. The plaintiff simply concludes that the store employees should have known how long the liquid had been on the floor by the mere fact that they were working at the time, and it was "their job" to know. (Pl's Dep. 44, ECF No. 19-1). Therefore, it is impossible to draw any positive inferences about when the liquid first appeared

-5-

Case 2:14-cv-00047-JPJ-PMS   Document 21   Filed 11/12/15   Page 5 of 6   Pageid#: 83

on the floor or how much time had passed to allow the defendant an opportunity to discover it. Thus, the plaintiff is unable to prove that the condition existed for a sufficient time to charge the defendant with constructive notice of it, and a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores Inc. v. Pulley,* 125 S.E.2d 188, 190 (Va. 1962). Accordingly, I find that summary judgment must be awarded in favor of the defendant. *See Grim,* 434 S.E.2d at 890.

It is therefore **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. A separate final judgment will be entered herewith.

ENTER: November 12, 2015

/s/ James P. Jones
United States District Judge